RECEIVED & FILED

FEB 18 2010

Sussex County Law Division

**LADDEY, CLARK & RYAN, LLP**
*Attorneys-at-Law*
*60 Blue Heron Road, Suite 300*
*Sparta, New Jersey 07871-2600*
*(973) 729-1880*
*Attorneys for*

| | |
|---|---|
| WILLIAM J. EBNER,<br><br>                      Plaintiff,<br><br>-vs-<br><br>STS TIRE and AUTO CENTER,<br><br>                      Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: SUSSEX COUNTY<br><br>Docket No. SSX-L-112-10<br><br>CIVIL ACTION<br><br>**AMENDED COMPLAINT** |

Plaintiff, William Ebner, a resident of the State of New Jersey, residing at 68 Llewellyn Drive, in the County of Sussex, State of New Jersey, by way of Complaint against the Defendant says:

### THE PARTIES

1. Plaintiff was an employee of Defendant STS Tire and Auto Center where he held the position of Assistant Store Manager. Plaintiff's date of birth is April 30, 1933.

2. Defendant, STS Tire and Auto Center is a New Jersey Corporation (hereinafter referred to as "STS") with a business location of 370 Bloomfield Avenue, Montclair, New Jersey, maintains its principal corporate office in Somerset County, State of New Jersey. STS is the successor in interest to McDonough Tire Company

1

Incorporated, a Good Year dealership. Plaintiff worked for McDonough Tire Company for forty-four (44) years before its stock was purchased by STS on or about March 2009.

3. Michael Connelly (hereinafter "Connelly"), is an employee of Defendant STS, holding the position of Director of Retail Service and Sales.

4. Kevin Traier (hereinafter "Traier") is an employee of Defendant STS, holding the position of Vice President of Retail Operations.

## FIRST COUNT

### Age Discrimination under the New Jersey Law Against Discrimination N.J.S.A 10:5-1 *et seq.*

5. On or about the time of the stock purchase, Traier and Connelly assured all of the McDonough Tire employees that everything was going to "stay the same" after STS purchased McDonough Tire and everyone would keep their same jobs. Traier and Connelly assured all of the employees that the only thing that was going to be different was name that appeared on their paychecks.

6. Connelly and Traier perpetrated the discrimination against Plaintiff by asking Plaintiff "how long he was planning to keep working." Plaintiff informed the Defendant that he was healthy and planned on working for as long as he was able. Prior to meeting with Plaintiff, the Defendant met with a younger employee, James Coerper, and offered him the position Plaintiff held as Assistant Store Manager. Defendant STS hired a younger employee to fill the Assistant Manager vacancy caused by Plaintiff's unlawful termination.

7. Upon the purchase of the Seller's business, Defendant STS wrongfully discharged the Plaintiff from his position as Assistant Store Manager because of his age

2

advising him that they had no positions available for him. None of the other employees of Defendant STS were terminated by STS.

8. At all times, Plaintiff performed his job and duties in a competent and conscientious manner and was ready, willing and able to perform the essential functions of his job. He was entrusted with complete responsibility for the store, was promoted from auto mechanic, to Store Manger over the years, never received any negative performance evaluations, always met the Defendants' legitimate expectations for job performance, and generated good will for the business for forty-four years.

9. On or about April 13, 2009, Defendants informed Plaintiff that STS had no need for Plaintiff's services. All the other STS employees remained in their same positions. Defendants wrongfully discharged Plaintiff on or about April 16, 2009 because of his age. At the time of his discharge, Plaintiff was seventy six (76) years old.

10. Defendants STS is an employer within the meaning of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. and 10:5-5(e).

11. Plaintiff is a person within the meaning of N.J.S.A. 10:5-5(a) and an employee within the meaning of N.J.S.A. 10:5-5(f).

12. Plaintiff was discharged on or about April 16, 2009, in willful disregard of the laws prohibiting age discrimination.

13. Defendant STS, through Connelly and Traier, willfully, knowingly and intentionally discriminated against Plaintiff on the basis of his age by discharging him in violation of N.J.S.A. 10:5-12(a).

14. As a result of the wrongful acts of the Defendant, the Plaintiff has sustained losses of earnings and other employment benefits and has suffered and continues to suffer mental anguish, stress, humiliation and pain.

## SECOND COUNT

### Violation Of Public Policy Of The State Of New Jersey

15. Plaintiff hereby incorporates by reference all of the allegations of Paragraphs 1 through 14 as if set forth at length herein.

16. Defendant's discharge of Plaintiff violates the public policy of the State of New Jersey as evidenced by the New Jersey Constitution, statutes, common law and administrative regulations. New Jersey's public policy prohibits discrimination in employment on the basis of age.

17. As a result of the wrongful acts of Defendant, Plaintiff has sustained losses of earnings and other employment benefits and has suffered and continues to suffer mental anguish, stress, humiliation and pain.

**WHEREFORE**, cause having been shown, Plaintiff demands judgment against Defendants and seeks the following relief:

A. Back pay with interest and prospective lost wages;

B. Compensatory and punitive damages;

C. Awarding costs and attorneys fees; and,

D. Awarding such other and further relief as this Court deems necessary and proper.

## THIRD COUNT

### Age Discrimination In Employment Act Of 1967 ("ADEA"), As Amended, 29 U.S.C.A. 621

18. Plaintiff hereby incorporates by reference all of the allegations of Paragraphs 1 through 17 as if set forth at length herein.

19. Plaintiff is an employee as defined by 29 U.S.C.A. 630(f) of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended.

20. Defendant STS is an employer as defined by 29 U.S.C.A. 630(b) of the ADEA.

21. Defendants' discharge or refusal to hire Plaintiff violates the ADEA, as amended, 29 U.S.C.A. 621, which prohibits discrimination in employment on the basis of age.

22. As a result of the wrongful acts of Defendant, Plaintiff has sustained losses of earnings and other employment benefits and has suffered and continues to suffer mental anguish, stress, humiliation and pain.

**WHEREFORE,** because having been shown, Plaintiff demands judgment against Defendants and seeks the following relief:

    A.    Back pay with interest and prospective lost wages;

    B.    Compensatory and punitive damages;

    C.    Awarding costs and attorneys fees; and,

    D.    Awarding such other and further relief as this Court deems necessary and proper.

## DESIGNATION OF TRIAL COUNSEL

TO: ASSIGNMENT JUDGE

In accordance with Rule 4:25-4, you are hereby notified that Ana Linda Day, Esq., of the law offices of Laddey, Clark & Ryan, LLP, is assigned to try this case.

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to Rule 4:5-1, I hereby certify that I have no knowledge of any other pending actions or proceedings concerning the subject matter of this action. It is not anticipated at this time that there is any other party who should be joined in this action.

## DEMAND FOR TRIAL BY JURY

Plaintiff, WILLIAM J. EBNER, hereby demands a trial by jury on all causes of action.

LADDEY, CLARK & RYAN, LLP
Attorneys for Plaintiff

By: *Ana Linda Day*
Ana Linda Day, Esq.

Dated: February 17, 2010

LAL
N:\USERS\Clients\6821-1 Ebner\7 Pleadings\Complaint\2010.02.17 Amended Complaint.final.doc
02/17/10